**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

CHRISTOPHER STALLWORTH,          :
AIS 219530,

                                 :

    Petitioner,

                                 :

vs.                                          CA 07-0057-KD-C

                                 :

KENNETH JONES,

                                 :

    Respondent.

### REPORT AND RECOMMENDATION

This is a petition filed pursuant to 28 U.S.C. § 2254 by an Alabama

prison inmate. The matter has been referred to the undersigned for entry of a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 72.2(c)(4). For the reasons stated herein, it is recommended that the Court

dismiss petitioner's application based upon his failure to prosecute his claims.

By order dated February 2, 2007, petitioner was ordered to pay the

required filing fee of $5.00 or file a motion to proceed *in forma pauperis*

because he had done neither when he filed his habeas corpus petition. (Doc.

2) The Court warned petitioner that his failure to comply with the order within

the prescribed time would result in the dismissal of his action "for failure to

prosecute and to obey the Court's order." (*Id*. at 1) On February 12, 2007,

Stallworth filed a motion to proceed *in forma pauperis*. (Doc. 3) Following a review of petitioner's motion, the Court, by order dated March 8, 2007, determined that Stallworth's economic situation was such that "the imposition of the cost of filing would not work an undue hardship upon [him]." (Doc. 4, at 1) Therefore, petitioner was ordered to pay a filing fee of $5.00 within fifteen days of the date of the order, that is, on or before March 28, 2007. (*Compare id. with* Docket Sheet Entry for March 9, 2007) Stallworth was warned that if his money order was not timely received by the Clerk of Court this action would be dismissed for failure to prosecute. (*Id*. at 1) This Court has heard nothing from petitioner in the intervening five plus months since the foregoing order was entered.

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not paid the $5.00 filing fee nor has he otherwise responded to the Court's order of March 8, 2007. Accordingly, it is recommended that the Court **DISMISS** Stallworth's § 2254 petition for writ of habeas corpus, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by obeying this Court's order.

The attached sheet contains information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 4th day of September, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    _s/WILLIAM E. CASSADY_____
                                    UNITED STATES MAGISTRATE JUDGE

4